B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| **PLAINTIFFS**<br>SARAH S. KIM | **DEFENDANTS**<br>TRUSTEES OF THE MILL CREEK CONDO. TRUST,<br>TRUSTEES OF THE 74 SPRINGVALE AVE. CONDO TRUST,<br>CROWNINSHIELD MGMT. CORP. & MARCUS ERRICO, |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>SARAH S. KIM, Pro Se Counsel<br>165 COTTAGE ST., #701, CHELSEA, MA<br>(617) 884-1360         02150 | **ATTORNEYS** (If Known) EMMER & BROOKS, P.C. &<br>OTHERS. |
| **PARTY** (Check One Box Only)<br>☑ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor   ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Unlawfully and fraudulently withholding the whole sale proceeds up to the present time since November 15, 2001 by an unlawful foreclosure sale of the plaintiff's homestead estate (also, having obtained an alleged order of sale by committing substantial fraud on the court), the defendants are liable for conversion, violations of FDCPA, and civil right statutes.

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☑ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☑ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☑ 71-Injunctive relief – imposition of stay
☑ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☑ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☑ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☑ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☑ Check if a jury trial is demanded in complaint | Demand $ 1 million |

**Other Relief Sought** Monetary as well as disciplinary sanctions prayed; Also permanent injunction is sought prohibiting the defendants from filing fraudulent suits misusing the Mass. Condominium Act.

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR SARAH S. KIM | BANKRUPTCY CASE NO. 10-23424 FJB 13 |||
| DISTRICT IN WHICH CASE IS PENDING MASSACHUSETTS (BOSTON) | DIVISION OFFICE BOSTON || NAME OF JUDGE FRANK J. BAILEY |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF N/A | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE || NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) *Sarah S Kim* ||||
| DATE MAY 9, 2011 || PRINT NAME OF ATTORNEY (OR PLAINTIFF) SARAH S. KIM ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

MAY 10'11 PM 1:01 USH

**UNITED STATES BANKRUPCTY COURT**
**DISTRICT OF MASSACHUSETTS (BOSTON)**

| | |
|---|---|
| IN RE: SARAH S. KIM ) <br> Debtor ) <br> ) <br> ) <br> SARAH S. KIM, ) <br> Plaintiff ) <br> ) <br> vs. ) <br> ) <br> TRUSTEES OF THE MILL CREEK ) <br> CONDOMINIUM TRUST, ) <br> TRUSTEES OF THE 74 SPRINGVALE ) <br> AVENUE CONDOMINIUM TRUST, ) <br> CROWININSHIELD MANAGEMENT CORP.,) <br> MARCUS, ERRICO, EMMER, & BROOKS, ) <br> P.C., CHANCEY D. STEELE, IV, ) <br> CARMEN HENAO, PAULINE E. DOHERTY, ) <br> BRUCE BLACK, SANDRO FRATTURA, ) <br> PATRICIA CONNELLY, DIANNE BOBA, ) <br> REYNOLD RODRIGUEZ, ) <br> RICHARD E. BROOKS, THOMAS O. ) <br> MORIARTY, ALISON L. McKAY, THERESE ) <br> QUIJANO, JANET O. ARONSON, LAURA ) <br> WHITE BRANDOW, GINA DINES HOLNESS) <br> JEREMY KAY, PAUL J. BARRESI, EDMUND) <br> A. ALLCOCK, & KATHERINE G. BRADY ) <br> ) | Chapter 13 <br> Case No.: 10-23424-FJB <br><br> Adversary Proceedings No.: |

**VERIFIED COMPLAINT**

Plaintiff, Sarah S. Kim, debtor (alleged debtor) in the above-entitled action, brings the instant Verified Complaint for declaratory judgment relief under the Massachusetts Condominium Act (G.L. c. 183A) and Massachusetts Homestead Act (G. L. c. 188, et seq.); seeking injunctive relief for contempt of court pursuant to 11 U.S.C. Sec.

1

362(a)(1)(2)(3)(5)(6), and (7); Fair Debt Collection Practices Act (FDCPA, 15 U.S.C. Sec. 1692, et seq.), Civil Rights violations under both Federal and State statutes (42 U.S.C. Sec. 1981a and G.L. c. 12, Sec. 11H), and equitable relief for frauds committed on the courts by the defendants.

## Jurisdiction and Venue

1. This is an adversary proceeding pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. 362(a)(1)(2)(3)(5)(6), and (7); 15 U.S.C. Sec. 1692, et seq.

2. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. Sec. 1334.

3. This adversary proceeding constitutes a core proceeding pursuant to 28 U.S.C. Sec. 157(b)(2).

4. This District is the venue for this proceedings pursuant to 28 U.S.C. Sec. 1409.

## Parties

5. Plaintiff, Sarah S. Kim, is the alleged Debtor in her Chapter 13 petition (No. 10-23424-FJB), who is a condominium unit owner (Unit 701) located at 165 Cottage Street, Chelsea, MA 02150.

6. Defendants, Trustees of the Mill Creek Condominium Trust, are members of the unit owners' organization located at 165 Cottage Street, Chelsea, MA 02150, and are listed as defendants both in their capacity as condominium trustees and individually.

7. Defendants, Trustees of the 74 Springvale Avenue Condominium Trust, are members of the unit owners' organization located at 74 Springvale Avenue, Chelsea, MA 02150, and are listed as defendants both in their capacity as condominium trustees and

individually.

8. Defendant, Crowninshield Management Corporation, is a managing agent for the Mill Creek Condominium Trust, of which principal business office is located at 18 Crowninshield Street, Peabody, MA 01960.

9. Defendant, Marcus, Errico, Emmer & Brooks, P.C., is a law firm of which members have been the alleged creditors' (Trustees of the Mill Creek Condominium Trust and Trustees of the 74 Springvale Avenue Condominium Trust) legal representatives. The principal business office is located at 45 Braintree Hill Office Park, Suite 107, Braintree, MA 02184.

10. Defendants Richard Brooks, Thomas Moriarity, Janet Aronson, Therese Quijano, Alison L. McKay (formerly Alison L. Forbes), Gina Dines Holness, Jeremy Kay, Edmund A. Allcock, and Katherine G. Brady are current and former members of the firm of Marcus, Errico.

## Background

11. Sarah S. Kim's voluntary bankruptcy petition was filed on December 13, 2010.

12. The bankruptcy petition was brought in order to halt the defendant trustees' (the Mill Creek Condominium Trust, hereinafter "Mill Creek trustees"), their managing agent's and their counsel's unlawful foreclosure sale of the her unit.

13. The Mill Creek trustees had filed a condominium lien enforcement action in the State Superior Court in October, 2007, with full knowledge on their counsel's and managing agent's part that there was no priority lien constituting the State statutory lien allowing a statutory foreclosure.

3

14. The Mill Creek trustees, their managing agent, and their counsel all knew that there was no mortgage on the property, thus, no statutory prerequisite to bring the lien enforcement action.

15. The Mill Creek trustees, their managing agent, and their counsel all knew that they were unlawfully bringing a suit against her with fraudulently claimed late fees without any evidence.

16. It was a bogus suit filed with full intent to deceive (defraud) the State judiciary as if the enforcement action was legitimate and necessary to secure the trustees' priority lien (the six months' monthly common area fees) in the usual circumstances that a unit owner has no other option to keep his or her unit due to a serious mortgage payment delinquency.

17. It was in fact the Mill Creek trustees' counsel's unlawful scheme to cover up their own past wrongs of having unlawfully foreclosed the unit owner's homestead estate (Unit 1, 74 Springvale Avenue, Chelsea, MA), with full knowledge that there was neither a mortgage nor the statutory condominium payment delinquency.

18. Moreover, it was the Mill Creek trustees' counsel' unlawful and unethical act to harass and unlawfully threaten the unit owner after committing act of conversion by keeping the whole sale proceeds up to the present time after their unlawful foreclosure of her Springvale Avenue condominium unit on October and November of 2001.

## CLAIMS FOR RELIEF

### COUNT 1: CONVERSION

19. While unlawfully keeping and arbitrarily and unlawfully depleting the whole sale proceeds without reporting the unlawful sale to the Chelsea District Court (9914CV

4

1114) nor providing an accounting, the attorneys in Marcus, Errico (representing both the Mill Creek trustees and 74 Springvale Avenue trustees) unlawfully levied executions from the State Court on Sarah S. Kim's other property, the 165 Cottage Street condominium unit, thus, unlawfully self-satisfying double recovery in violation of earlier Superior Court's injunction prohibiting "double recovery" issued by Brassard. J in January, 2009.

COUNT II: VIOLATION OF AUTOMATIC STAY

20. As argued in the 02/03/2011 initial hearing on motion for contempt, after having been notified of her bankruptcy petition, the Mill Creek trustees counsel of record, Attorneys Barresi, Allcock, and Brady, should have cancelled their planned another unlawful foreclosure.

COUNT III: FRAUDS ON THE COURTS

21. Instead, they all conspired to schedule another foreclosure sale (scheduled for 02/18/2011) with full knowledge of the State statutory prohibition of taking further action, G. L. c. 183A, Sec. 6(c).

COUNT IV: VIOLATION OF FDCPA

22. As also argued during the 02/23/2011 hearing, the attorneys in Marcus, Errico, have continuously acted unlawfully violating numerous Federal and State statutes, e.g., the FDCPA (15 U.S.C. Sec. 1692 et seq.) and the civil rights acts (42 U.S.C. Sec. 1981a and G. L. c. 12, Sec. 11H).

23. Moreover, the more egregious acts having been and have been committed by the attorneys in Marcus, Erriro are their willful violations of various provisions of the Rules of Professional Conduct, SJC Rule 3:17, mainly willfully misrepresenting facts and

pertinent laws to the State judiciary and to this Court.

COUNT V: VIOLATION OF CIVIL RIGHT ACTS

24. The defendants' constantly scheduling another foreclosure sale to occur in Sarah S. Kim's unit is another clear violation of unlawful eviction in violation of G.L. c. 231, Sec. 9 & c. 184, Sec. 18, and c. 12, Sec. 11H.

COUNT VI: CONTINUING VIOLATIONS OF 11 U.S.C. Sec. 362(a)(1) through (7)

24. The defendants' continuing violations include the Mill Creek managing agent's (and the trustees) constantly unlawfully assessing and adding groundless late fees and their attorney's fees since the 12/13/2010 filing of the bankruptcy petition up to the present time, the total amount being over $48,000, the whole amount solely constituting their counsel fees.

PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests that this Court grant judgment and injunctive orders as follows:

(a) Declare that the Massachusetts Condominium Act, G. L. c. 183A, does prohibit a foreclosure sale of her unit;

(b) Declare that the previous foreclosure sale of her 74 Springvale Avenue condominium unit is void for violation of the Massachusetts Homestead Act, G. L. c. 188, et seq.

(c) All Defendants are in contempt of court for their continuing violations of pertinent statutes.

(d) All Defendants are prohibited from taking any further acts to extort from the

6

Plaintiff and to defraud the judicial systems.

(e) Grant monetary and disciplinary sanctions, especially, against the attorney Defendants.

(f) Grant such other and further relief to the Plaintiff as may be just and proper.

> Sarah S. Kim
> Plaintiff (alleged Debtor)

_____
Sarah S. Kim, Pro se
BBO #634245
165 Cottage Street, Unit 701
Chelsea, MA 02150
(617) 884-1360
E-mail: sarahskim@Verizon.net

Dated: May 9, 2011.

### VERIFICATON

I, Sarah S. Kim, under oath do depose and say that the allegations contained in the Pleadings are true and the complaint is being signed under the pains and penalty of perjury this 9th day of May, 2011.

_____
Sarah S. Kim

7